UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JENNINGS,<br><br>        Petitioner,<br><br>   v.<br><br>BRANDON PRICE,[1]<br><br>        Respondent. | No. 2:18-cv-0006 MCE KJN P<br><br><br>ORDER |

I. Introduction

Petitioner is involuntarily civilly committed for an indeterminate term to Coalinga State Hospital as a sexually violent predator ("SVP"). Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Respondent moves to dismiss the petition as unexhausted. As discussed below, the undersigned finds that petitioner has failed to exhaust state court remedies. Petitioner is granted thirty days in which to file a motion for stay.

II. Background

    1. On September 22, 2010, the Shasta County Superior Court found petitioner to be an SVP and civilly committed him for an indeterminate term. Jennings v. King, No. 2:14-cv-0056 2015 WL 3953702 at *1 (E.D. Cal. June 29, 2015).

---
[1] Brandon Price, Executive Director of Coalinga State Hospital, is substituted as the proper respondent herein. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

2. Petitioner filed a timely appeal in the California Court of Appeal, Third Appellate District. On January 24, 2012, the state appellate court reversed the judgment and remanded the case to the trial court. (LD 1.)

3. On October 7, 2013, the California Court of Appeal affirmed petitioner's commitment to the State Department of State Hospitals for an indeterminate term. (LD 2.)

4. Petitioner filed a petition for writ of habeas corpus in the Eastern District of California. On June 29, 2015, the petition was denied. Jennings v. King, No. 2:14-cv-0056 JKS, 2015 WL 3953702 (E.D. Cal. June 29, 2015).

5. On December 23, 2016, petitioner signed and filed a petition for writ of habeas corpus in the Shasta County Superior Court. (LD 3.) The petition was denied on February 21, 2017. (LD 4.)

6. On March 20, 2017, the California Court of Appeal filed petitioner's notice of appeal, which was filed in the trial court on March 9, 2017. (LD 6.) On April 6, 2017, the Court of Appeal dismissed the appeal, determining the order appealed from was nonappealable. (LD 6.)

7. On July 19, 2017, petitioner signed and filed a petition for writ of habeas corpus in the California Supreme Court. (LD 9.) On October 11, 2017, the California Supreme Court denied the petition, citing See People v. Duvall, 9 Cal. 4th 464, 474 (1995) (a petition for writ of habeas corpus must include copies of reasonably available documentary evidence).

8. On December 28, 2017, petitioner constructively filed his federal petition. (ECF No. 1 at 18.) Petitioner raises two claims: (1) the Shasta County Superior Court abused its discretion in denying petitioner's state habeas petition; and (2) the Shasta County Superior Court Judge, Cara Beatty, "was biased against petitioner." (ECF No. 4 at 10-11.)

III. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

2

(1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

IV. Alleged Failure to Exhaust

    A. Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition

////

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

B. Discussion

Initially, petitioner argues that because he is a SVP who is civilly detained, he is not required to exhaust his state court remedies, citing Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000). Petitioner is mistaken. Page applies to civil rights complaints brought under 42 U.S.C. § 1983, not petitions for writs of habeas corpus.

Second, petitioner argues that the court should deny respondent's motion because there are material disputes of fact "in favor of exhaustion." (ECF No. 14 at 4.) Again, petitioner is mistaken. As argued by respondent, petitioner is required to demonstrate that he has fairly presented each federal claim to the California Supreme Court. Even litigants proceeding pro se are required to first exhaust their state court remedies.

Third, the record reflects that both claims are unexhausted. Neither of petitioner's federal claims were included in the petition filed in the California Supreme Court. (Compare ECF No. 1 with LD 9.) In his state court petition, petitioner alleged that (1) the state appellate court "violated his constitutional state rights" by denying him appointment of counsel on appeal; and (2) the state appellate court erred by dismissing his appeal from the denial of his state habeas petition filed in the Shasta County Superior Court. (LD 9 at 3-4.) Neither of those state claims are based on the same facts or legal questions raised here: (1) the Shasta County Superior Court abused its discretion in denying petitioner's state habeas petition; and (2) the Shasta County Superior Court Judge, Cara Beatty, "was biased against petitioner." (ECF No. 4 at 10-11.) Therefore, petitioner's claims are unexhausted.

Moreover, as argued by respondent, in the state court petition, petitioner raised no arguments based on federal law or the United States Constitution. (LD 9, *passim*.) Although petitioner claims he cited Cooper v. Oklahoma, 517 U.S. 348 (1996), in the state court petition, respondent and this court could not locate such citation. (Id.) But again, even if petitioner had cited Cooper, he included no arguments based on federal law; thus, petitioner's federal claims remain unexhausted.

4

C. Unauthorized Sur-Reply

On May 16, 2018, petitioner filed a response to respondent's reply, which was an unauthorized sur-reply. The Local Rules do not authorize the routine filing of a sur-reply. Nevertheless, a district court may allow a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005); accord Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal. 2013) (granting the motion to strike the sur-reply because "defendants did not raise new arguments in their reply that necessitated additional argument from plaintiff, plaintiff did not seek leave to file a sur-reply before actually filing it, and the arguments in the sur-reply do not alter the analysis below"), adopted, 2013 WL 5156572 (E.D. Cal. 2013). In the present case, defendant did not raise new arguments in the reply brief, plaintiff did not seek leave to file a sur-reply, and his arguments therein do not impact the court's analysis. For these reasons, petitioner's substantive arguments contained in the unauthorized sur-reply are not considered.

However, petitioner also argues that the court should stay this action pending further exhaustion of his federal claims in the California Supreme Court. (ECF No. 17 at 3.)

First, review of the California Courts website reflects no further filing by petitioner in the California Supreme Court since he filed his habeas petition in S243282, which was denied on October 11, 2017.

Second, if petitioner still seeks a stay, he must file a motion for stay and indicate what type of stay he seeks, as explained below.

There are two kinds of stays available to a § 2254 petitioner who wishes to exhaust claims in state court: one established by Rhines v. Weber, 544 U.S. 269 (2005), and the other by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). The Rhines stay procedure may be applied both to petitions which contain only unexhausted claims and to petitions that are "mixed" -- that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in

5

state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition, (2) the unexhausted claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78.

Under the alternative procedure outlined in Kelly, a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition by way of amendment. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135.

Overall, a Rhines stay is much harder to get but preserves the federal filing date of the previously unexhausted claims for purposes of the statute of limitations. A Kelly stay is easier to get, but does not provide any protection against newly-exhausted claims becoming time-barred during the exhaustion process. See King, 564 F.3d at 1133. Petitioner is cautioned that if he files a motion for stay under Rhines, he must address each of the three elements delineated above in his motion for stay. Id., 544 U.S. at 277-78.

Third, petitioner is informed that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

VIII. Conclusion

In light of the above, petitioner is granted thirty days in which to file a motion for stay. If petitioner fails to file a motion for stay, the undersigned will grant respondent's motion to dismiss, and this action will be dismissed without prejudice. If petitioner files a motion for stay, the motion will be briefed under Local Rule 230(l); following briefing, the undersigned will issue an order resolving respondent's motion, as well as petitioner's motion for stay.

////

6

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, petitioner may file a motion for stay as set forth above.

Dated: June 5, 2018

*KENDALL J. NEWMAN*
UNITED STATES MAGISTRATE JUDGE

/jenn0005.mtd.hc.fte.stay.fb