UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL JENNINGS,

    Petitioner,

v.

BRANDON PRICE,[1]

    Respondent.

No. 2:18-cv-0006 KJN P

ORDER

I. Introduction

Petitioner is involuntarily civilly committed for an indeterminate term to Coalinga State Hospital as a sexually violent predator ("SVP"). Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). By order filed June 5, 2018, the undersigned found petitioner's claims were unexhausted, but petitioner was granted leave to file a motion for stay. As discussed below, because petitioner is not entitled to a stay of this action, respondent's motion to dismiss is granted, and this action is dismissed.

II. Background

1. On September 22, 2010, the Shasta County Superior Court found petitioner to be an SVP and civilly committed him for an indeterminate term. Jennings v. King, No. 2:14-cv-0056

---

[1] Brandon Price, Executive Director of Coalinga State Hospital, is substituted as the proper respondent herein. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

2015 WL 3953702 at *1 (E.D. Cal. June 29, 2015).

    2. Petitioner filed a timely appeal in the California Court of Appeal, Third Appellate District. On January 24, 2012, the state appellate court reversed the judgment and remanded the case to the trial court. (LD 1.)

    3. On October 7, 2013, the California Court of Appeal affirmed petitioner's commitment to the State Department of State Hospitals for an indeterminate term. (LD 2.)

    4. Petitioner filed a petition for writ of habeas corpus in the Eastern District of California. On June 29, 2015, the petition was denied. Jennings v. King, No. 2:14-cv-0056 JKS, 2015 WL 3953702 (E.D. Cal. June 29, 2015).

    5. On December 23, 2016, petitioner signed and filed a petition for writ of habeas corpus in the Shasta County Superior Court. (LD 3.) The petition was denied on February 21, 2017. (LD 4.)

    6. On March 20, 2017, the California Court of Appeal filed petitioner's notice of appeal, which was filed in the trial court on March 9, 2017. (LD 6.) On April 6, 2017, the Court of Appeal dismissed the appeal, determining the order appealed from was nonappealable. (LD 6.)

    7. On July 19, 2017, petitioner signed and filed a petition for writ of habeas corpus in the California Supreme Court. (LD 9.) On October 11, 2017, the California Supreme Court denied the petition, citing See People v. Duvall, 9 Cal. 4th 464, 474 (1995) (a petition for writ of habeas corpus must include copies of reasonably available documentary evidence).

    8. On December 28, 2017, petitioner constructively filed his federal petition. (ECF No. 1 at 18.) Petitioner raises two claims: (1) the Shasta County Superior Court abused its discretion in denying petitioner's state habeas petition; and (2) the Shasta County Superior Court Judge, Cara Beatty, "was biased against petitioner." (ECF No. 4 at 10-11.)

III. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

IV. Failure to Exhaust

As discussed in the June 5, 2018 order, because petitioner failed to fairly present both of his claims to the California Supreme Court, his petition is unexhausted. Neither of petitioner's federal claims were included in the petition filed in the California Supreme Court. (Compare ECF No. 1 with Lodged Document "LD") 9.) In his state court petition, petitioner alleged that (1) the state appellate court "violated his constitutional state rights" by denying him appointment of counsel on appeal; and (2) the state appellate court erred by dismissing his appeal from the denial of his state habeas petition filed in the Shasta County Superior Court. (LD 9 at 3-4.) Neither of those state claims are based on the same facts or legal questions raised here: (1) the Shasta County Superior Court abused its discretion in denying petitioner's state habeas petition; and (2) the Shasta County Superior Court Judge, Cara Beatty, "was biased against petitioner." (ECF No. 4 at 10-11.) Therefore, respondent's motion to dismiss must be granted, and this action dismissed unless petitioner is granted a stay of this action.

V. Motion for Stay

In certain circumstances, a district court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009) (stay procedure authorized by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly" remains available after Rhines). However, the instant petition is not mixed; it is completely unexhausted. Under Kelly, the court cannot stay a completely unexhausted petition. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") Thus, petitioner's motion for stay under King is denied, and the court need not address respondent's argument that because the statute of limitations has expired, a stay would be futile.

VII. Is Petitioner Entitled to a Stay Under Rhines?

Petitioner appears to argue that he is entitled to a stay under Rhines because petitioner is proceeding without counsel. Petitioner also incorporates his factual arguments from his opposition to respondent's motion to dismiss, and relies on his verified petition. Otherwise, petitioner argues, in conclusory fashion, that because his unexhausted claims potentially have merit and he may be entitled to relief if proven, and there is no indication on the record that petitioner has intentionally delayed pursuing his relief, he should be granted a stay under Rhines. (ECF No. 19.)

Respondent counters that petitioner fails to establish that there is good cause for his failure to exhaust the claims prior to filing the instant petition and contends that petitioner's claims are plainly meritless.

Governing Standards

The Rhines stay procedure may be applied to petitions which contain only unexhausted claims as well as to petitions that are "mixed" -- that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King, 564 F.3d at 1138-41. Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition, (2) the unexhausted claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

4

Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In order to be granted a stay under Rhines, petitioner must meet all three Rhines prongs set forth above. 544 U.S. at 278.

1. Potential Merit?

Petitioner must demonstrate that his two unexhausted claims potentially have merit. Petitioner failed to specifically address this prong with facts or evidence; rather, he simply states his claims have merit.

As noted by respondent, petitioner's first claim is unclear. Petitioner argues that the Shasta County trial court abused its discretion by denying petitioner's habeas petition for conditional release without first holding an evidentiary hearing. (ECF No. 1 at 7, 11.) However, the state court judge stated that petitioner sought a writ based on his desire "to be released to a less restrictive setting, but is not willing to do what it takes for a person similarly situated, to wit, complete his prescribed treatment (in other words, do what is asked of him) and convince the

DSH that a less restrictive setting is appropriate." (LD 4.) The state court judge found that the "petition has been filed in the wrong venue and is summarily denied." (LD 4.) Nowhere in the state court petition did petitioner identify federal grounds on which habeas relief might be sought. Similarly, in the instant petition, petitioner fails to identify any federal constitutional right that has been violated, but rather argues that his confinement violates California law. Thus, as argued by respondent, petitioner's first claim failed to state a cognizable federal claim. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law.").

In his second claim, petitioner contends that the Shasta County Superior Court Judge, Cara Beatty, "was biased against petitioner." (ECF No. 4 at 10-11.) As argued by respondent, petitioner's second claim is also conclusory and offers no explanation or evidence to support such claim. Conclusory allegations are insufficient to provide a basis for granting habeas relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995). Absent facts or evidence to support a claim for judicial bias, the undersigned cannot find that petitioner's second claim has merit.

2. Good Cause?

Petitioner must also demonstrate good cause for his failure to have exhausted both claims in state court prior to filing the instant petition. Other than his pro se status, petitioner fails to specifically identify facts or evidence supporting good cause for his failure to present his two claims to the California Supreme Court.

Respondent identifies Dixon v. Baker, 847 F.3d 714 (9th Cir. 2017) ("A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel."), but argues that the United States Supreme Court has flatly "rejected the notion that pro per petitioners cannot be expected to understand the exhaustion requirement." (ECF No. 20 at 3, citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982).) In addition, respondent contends that Dixon is distinguishable because petitioner has previously litigated federal habeas petitions while proceeding pro se, and has been alerted to federal exhaustion requirements. (ECF No. 20 at 4, citing Jennings v. King, 2015 WL 3953702 at *6 (E.D. Cal. June 29, 2015).) Finally, respondent argues that petitioner fails to explain how he

was able to pursue other claims in state court, but not the instant claims.

Respondent's arguments are well-taken. In petitioner's prior federal habeas case, he was informed of the exhaustion requirements:

> This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); see Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L.Ed.2d 64 (2004) (citing cases). To be deemed exhausted, a claim must have been presented to the highest state court that may consider the issue presented. See O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999). To have properly exhausted his state court remedies, Jennings must have presented both the legal arguments and the factual basis to the highest state court. See Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003).

Jennings v. King, 2015 WL 3953702, at *5. Petitioner did present other claims to the California Supreme Court (LD 9), demonstrating petitioner's awareness of how to exhaust state court remedies. The undersigned finds that petitioner did not demonstrate good cause for his failure to present his claims to the California Supreme Court.

3. Conclusion

Because petitioner fails to meet the first two prongs of Rhines, the court declines to address the third prong, intentional delay. Petitioner's motion for stay under Rhines is denied.

VIII. Orders

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay (ECF No. 19) is denied; and

2. Respondent's motion to dismiss (ECF No. 11) is granted, and this action is dismissed.

Dated: September 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jenn0005.mtd.hc.stayd